## UNION TOWNSHIP OF BARTHOLOMEW COUNTY *v.* ANTHONY.

HIGHWAYS.—TOWNSHIP.—A dug a mill-race across a highway upon his own land, and engaged to build and maintain a bridge over the race, in order to render the highway passable. Having been sued by the trustee of the civil township for not having maintained it, a bridge erected by A having washed away, he, to compromise the suit, entered into a written contract with the township trustee to build a new bridge over the race, within a reasonable time, and to keep it in repair. Having failed for six months to build the bridge, the township built it, and brought an action against A for the money expended.
*Held,* that the action would lie.

APPEAL from the *Bartholomew* Common Pleas.

GREGORY, C. J.—Suit by the appellant against *Anthony.* The complaint is in two paragraphs. The first alleges that

there is, and was, a highway known as *Mark's Ferry Road*, situate in said county, and running through road district No. 2, of said township, over defendant's land, on which is a mill, near the road; that defendant dug a mill-race across the highway for his own convenience, rendering it impassable, unless bridged; that it was his duty to keep a sufficient bridge across the same, and in consideration thereof he promised to do so; that he did build a bridge, but that it was twice washed away by high water; that at each time it was washed away, he suffered the road to remain impassable for a long time, to-wit a month—though requested to repair it; that the township had to, and did rebuild it, at a cost of $200.

The second paragraph avers substantially the same facts, with the additional allegations that the defendant suffered the bridge to remain out of repair and impassable for six months; that the trustee of the township sued him before a justice to recover $200, the penalty, at $5 per day, for obstructing the highway; that to compromise and settle that suit, he entered into a written contract with the plaintiff's trustee to put in, and keep in repair, a bridge on the road, across the mill-race, within a reasonable time; that he was afterwards requested by the plaintiff to put up the bridge, but for six months failed to do so, and the plaintiff had to and did build the bridge, at a cost of $400, all of which is due and unpaid. A copy of the written contract declared on is made a part of the complaint. Demurrer to the complaint, and to each paragraph thereof. Demurrers sustained and judgment. The action of the court below in sustaining the demurrers is the error assigned.

There is no misjoinder of causes of action; each paragraph is for a "money demand on contract." Each civil township in this State is a body politic and corporate, with power to contract and be contracted with, sue and be sued, in any court having competent jurisdiction. 1 G. & H., § 4 p. 63. Road districts are but a sub-division of a civil township. *Id.* § 6. It is the duty of the township trustee "to

see to a proper application of all moneys belonging to the township for road, school or other purposes." *Id.*, clause 5. It is within the power of a civil township to build and re-build bridges in the construction or repair of highways within its limits. The act of *March* 3, 1855, 1 G. & H., p. 202, authorizes the county commissioners to erect bridges, and make appropriations from the county treasury to build or repair them, whenever the estimate therefor shall exceed the ability of the road district in which such bridge is to be built, but this in no wise interferes with the power of civil townships. It only confers the power on the county commissioners to be exercised when the expenditure is be-yond the means within the control of the township trustee.

It was the duty of the appellee to build the bridge and keep it in repair; in consideration thereof, and for the fur-ther consideration of the compromise of pending litigation, he promised to do so, but failed; the township, within its power, built the bridge and now sues for the money expen-ded. We think the appellant can recover. The court errred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause re-manded to said court, with directions to overrule the de-murrer to the complaint, and for further proceedings.

*F. T. Hord*, for appellant.

*Walker & Matthews*, and *J. M. Kerr*, for appellee.